## EVANS v. MOHN.

1. **Practice:** SETTING ASIDE DEFAULT: GARNISHEE. A garnishee may not be guilty of negligence in failing to appear when summoned where, under the same state of facts, a party to an action would. Facts considered which were held to justify the setting aside of a default against a garnishee.

*Appeal from Pottawattamie District Court.*

THURSDAY, DECEMBER 16.

A DEFAULT and judgment was rendered against the defendant as garnishee, because he failed to appear when notified to do so, and answer touching his indebtedness to one Rosenaw, and the same having been set aside the plaintiff appeals.

*Sapp, Lyman & Ament,* for appellant.

*G. A. Holmes,* for appellee.

SEEVERS, J.—The defendant was served with notice in February to appear on the 17th of May following, and answer as garnishee touching his indebtedness to the supposed debtor. He failed to do so, and a default and judgment was rendered against him. Thereupon he was notified to appear and show cause why execution should not issue. In response thereto, the defendant at the same term, and on the tenth day after the default was entered, filed an affidavit showing an excuse for his failure to appear, and also stated under oath he was in no manner indebted to the supposed debtor. The sufficiency of the latter is not controverted, but it is said the excuse shown was not sufficient. The affidavit stated that after the service of notice on him he had "been busy building, and that on the 17th day of May he was busily engaged in moving into and furnishing a new hotel, * * * and that he was so engaged in the matter of his hotel business aforesaid, and the length of time the service of the notice of garnishment on him, that it had wholly and entirely escaped his memory."

*1. PRACTICE: setting aside default: garnishee.*

That a default in an ordinary action will not be set aside, in cases where there has been negligence of the party or his attorney, is probably true. At least it will be so conceded.

In *Parmenter v. Childs et al.*, 12 Iowa, 22, where a default against a garnishee was under consideration it was said by WRIGHT, J., that: "Negligence will not be tolerated in such cases any more than in ordinary cases." That is to say, when negligence appears the same result must follow. But it was not determined that the same matters would constitute negligence in both classes of cases. There are differences between them which are entitled to consideration.

In one an indebtedness is claimed and alleged. This is well understood by the defendant when he is notified to appear and answer. In the other the garnishee is notified to appear and answer touching his indebtedness. When he does appear the plaintiff must propound interrogatories to him. The garnishee may demand that this be done. Instead of

being charged as a debtor he is summoned as a witness.   In ordinary actions, when a default and judgment has been rendered, an execution may issue as of course at any time.   But the garnishee must be notified to appear and show cause why execution shall not issue against him.   Code, § 2985.

We are not prepared to say, and it is unnecessary to do so, that a simple showing by the garnishee he was not indebted would be sufficient to prevent the issuance of an execution, nor are we on the other hand prepared to assent to the doctrine that the same showing of diligence must be made before a default against a garnishee can be set aside as would be required in an ordinary action.

In respect to defaults against garnishees a discretion is reposed in the court below, and a stronger case should be required before the appellate court would interfere where a trial has been given on the merits, than where it is denied. *Westphal, Hinds & Co. v. Clark*, 46 Iowa, 262.

If there were doubts as to the truth of the affidavit the court could, and no doubt would, on application of the plaintiff have required the garnishee to appear for the purpose of cross-examination.   Code, § 3695.

The court below concluded, from the showing made, the defendant had not been guilty of negligence.   It may be if the court had found otherwise we should not have interfered. Be this as it may, if the defendant without negligence on his part forgot the day he was notified to appear, and did not appear for this reason alone, we do not think he was guilty of negligence.   The fact he forgot when he was to appear may or may not be negligence, and as the court has found it was not, we would not be justified under the circumstances in saying the discretion reposed in the court had been abused.

AFFIRMED.