## TUBMAN

*v.*

## BALTIMORE & OHIO RAILROAD COMPANY.

---

### APPEALABLE ORDERS.

An order of the lower court in an action at law overruling a motion to vacate a judgment dismissing the cause for want of prosecution, is not appealable, especially if made after the expiration of the term at which the judgment was dismissed and in the absence of any fraud or surprise in procuring such judgment.

No. 1244.  Submitted November 11, 1902.  Decided November 18, 1902.

HEARING on a motion by the appellees to dismiss an appeal.                                    *Granted.*

The facts are sufficiently stated in the opinion.

*Mr. Frederic A. McKenney, Messrs. Hamilton & Colbert,* and *Mr. Leigh Robinson* for the motion.

*Mr. William A. Meloy* opposed.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

In this case, there has been a motion made by the appellees to dismiss the appeal, upon the ground that no appeal lies in such case as that shown by the record, and we are clearly of opinion that such motion must prevail.

The appeal is taken not from the judgment dismissing the case in the court below, but from an order of the court overruling a motion to strike out or vacate the judgment dismissing the case, and which motion to vacate was not made until after the lapse of more than two terms of the court in which the original judgment was entered. It is not shown that there was any fraud or surprise in procuring the judgment of dismissal of the action by the court.

The order or judgment of the court dismissing the cause for want of prosecution was entered upon motion made in open court, on the 6th day of August, 1901; and the motion to vacate that judgment was not entered until May 19, 1902; — after the expiration of the term at which the judgment of dismissal was entered, and when the court had no longer control of the judgment. The motion to vacate was overruled on June 24, 1902, and the present appeal was taken from the order overruling the motion, on July 2, 1902.

The action was instituted in March, 1895, and in June of that year there were several demurrers entered to the declaration; but it does not appear that there was any action whatever taken to bring the demurrers to hearing. It was clearly incumbent upon the plaintiff to move in the case, and to have the demurrers disposed of, and the case brought to trial. The motion to dismiss the action for failure to prosecute was made in open court, and it is shown by the affidavits of the attorneys for the defendants that the motion to dismiss was made

after full notice to the attorney for the plaintiff that such motion would be made, and it was not intimated that such motion would be resisted.

The refusal by the court to strike out and vacate the order of dismissal is not the subject of an appeal any more than the refusal to grant a new trial is the subject of an appeal. If an appeal could be taken and maintained upon the mere refusal to strike out a judgment nine months after its entry, there could be no reason why an appeal should not be maintained from the refusal of a motion to strike out a judgment made five years after the judgment entered; and thus there would be no finality in judgments, and no limit to the right of appeal.

The appeal must be dismissed, and it is so ordered.

*Appeal dismissed.*

A motion by the appellant for a rehearing was denied.