# FIRST STATE BANK OF KERMIT v. KRENELKA (Meyer, Garnishee).

## (137 N. W. 824.)

**Garnishment — application to be relieved from default judgment — discretion of trial court.**

Respondent, who was an ignorant German of very limited education and wholly unfamiliar with court proceedings, and not comprehending or understanding that he had been sued as a garnishee, suffered a default judgment to be taken against him. Thereafter and in due time he made application to be relieved from such default, basing such application upon his affidavit, setting forth the above facts, and also that he was not at the time such summons was served, nor has he at any time since, been indebted to the defendant in any sum. The trial court granted such application upon condition that respondent pay to plaintiff as costs the sum of $25.

*Held,* for reasons stated in the opinion, that in making the order appealed from the district court did not abuse the discretion vested in it, and that accordingly this court will not interfere with the action of the trial court.

Opinion filed September 21, 1912.

Appeal from District Court, Williams county; *E. B. Goss, J.*

From an order relieving the respondent, garnishee, from a default judgment, plaintiff appeals.

Affirmed.

*Murphy & Wooledge,* of Minot, for appellant.

*L. F. Clausen,* of Kenmare, and *F. A. Leonard,* of Crosby, for respondents.

FISK, J. This is an appeal from an order of the district court relieving respondent as garnishee from a judgment taken against him by default. The application to be relieved from such default was made pursuant to the provisions of § 6884, Revised Codes 1905, which provides, in effect, that the court may, in its discretion and upon such terms as may be just at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. Appellant's counsel concede that such application was made

in time, and no claim is made by them that respondent was guilty of laches in applying for relief from such default. Their sole contention in this court is that such application was insufficient, both in form and in substance, to authorize any relief, and that it was a palpable abuse of discretion to grant such application. In other words, appellant's counsel assert that on such application, respondent furnished neither an affidavit of merits nor a proposed verified answer or their equivalent, and that he made no showing of "mistake, inadvertence, surprise, or excusable neglect" sufficient to entitle him to relief.

It is well settled that applications of this nature are addressed largely to the sound discretion of the trial court, and that an appellate court is loath to disturb the decision on such application, and it will not do so unless it is made clearly to appear that there was a manifest abuse of discretion. It is also well settled that no hard and fast rule can be applied in the disposition of such applications, and that the facts in each case should control.

The following affidavit of respondent constitutes the only showing made on such application. Omitting formal parts it is as follows:

Gust A. Meyer, being first duly sworn, deposes and says that he is the garnishee in the above entitled action; that affiant is a resident of Williams county, state of North Dakota, and has resided there during the last three years; that he is a German by birth, and that he has not had a great deal of schooling, and is a man of very limited education; that on or about the 1st day of August, A. D. 1907, the garnishee summons in the within action was served upon him in said Williams county; that owing to his said limited education and ignorance of court proceedings, never having been sued in his life, or had anything to do with court proceedings, affiant was unable to comprehend the meaning of said garnishee summons, and did not in fact comprehend and understand the same, and did not understand that it was necessary for him to file an affidavit or answer the said summons within thirty days from the service thereof or a judgment would be entered against him for the amount asked for in the plaintiff's complaint, or for any amount whatever; that the affiant was not indebted to the defendant in the within action at the time that said summons was served upon him in any amount whatever, nor has he at any time since the service of said summons been indebted to the defendant in any sum.

That owing to the garnishee's ignorance of court proceedings and his inability to comprehend the meaning and understand the nature of said garnishee summons, coupled with the fact that he was not indebted to the defendant, the affiant did not know that it was necessary to answer the said summons, and therefore failed to answer the same, or file any affidavit within the time described therein.

That on the 24th day of March, A. D. 1908, owing to the failure of this affiant in not answering the said summons, as aforesaid, judgment was entered up in this action against the affiant as garnishee herein, and in favor of the plaintiff for the sum of $429.

Wherefore, affiant prays that the said judgment may be opened as to this garnishee, upon such terms as the court may deem just, and that affiant may have permission to file an answer therein.

> (Signed)    Gust A. Meyer.

Subscribed and sworn to March 8, 1909.

While it is true, as contended by appellant's counsel, that this showing was somewhat meager, we are not prepared to hold that the learned trial court clearly abused its discretion in granting such relief. We think it fairly discloses a meritorious defense, and to this extent substantially complies with the rule acquiring an affidavit of merits, and we are not prepared to say that the lower court was not warranted, under the circumstances, in treating such showing of excusable neglect, sufficient. It may be that had the trial court ruled otherwise, on such showing, we would, on appeal, have refused to interfere therewith. However this may be, where, as in this case, the trial court, in the exercise of its discretion, has seen fit to relieve from such default and thus permit a trial upon the merits, and where no contention is made that this will work any serious injustice to appellant, we must decline to interfere therewith in view of the showing made in this record. The order granting such relief was made conditional upon the payment by respondent to appellant of costs in the sum of $25, and we do not think appellant has any just cause for complaining of such order.

While § 6982, Revised Codes 1905, provides, in effect, that all provisions of law relating to proceedings in civil actions at issue, including amendments and relief from defaults, etc., shall be applicable to garnishment proceedings, we think a somewhat more liberal rule should be applied to applications by garnishees to be relieved from defaults,

than is applied to a principal defendant. There is a very good reason for such a distinction. As stated in Waples on Attachment & Garnishment, 2d ed. § 501: "The court should be even more liberal in allowing the belated garnishee to answer after default, than in granting the privilege to an ordinary suitor defaulted, since he is a disinterested party in the proceeding so far as any prospect of being benefited is concerned, yet an interested third person so far as the danger of being injured is concerned."

In Evans v. Mohn, 55 Iowa, 302, 7 N. W. 593, the Iowa court affirmed the lower court's action in relieving a garnishee from default caused by mere forgetfulness, holding that the garnishee was not necessarily negligent, and the court expressly recognized a distinction to be made between a garnishee and an ordinary defendant in such cases. There is nothing said in Bismarck Grocery Co. v. Yeager, 21 N. D. 547, 131 N. W. 517, inconsistent with the views above expressed.

Affirmed.

Goss, J., being disqualified, took no part in the decision.