# SWENK v. NICHOLLS.

### APPEAL AND ERROR; MUNICIPAL COURT.

1. The appeal, in case of the refusal of the supreme court of the District;
of Columbia to set aside its affirmance of a judgment of the mu-
nicipal court, should be taken from the judgment of affirmance,
and not from the refusal to set it aside. (Following *Tubman* v. *B. &
O. R. Co.* 20 App. D. C. 541).

2. A judgment on appeal adverse to the appellant, based upon his failure
to perfect the appeal within the statutory period allowed after the·
approval of the appeal bond, is not subject to attack by him upon·
the ground that the clerk of the trial court failed promptly to file·
the papers in the court of appeal and give him notice thereof as
required by a statute designed to apprise him of the approval of·
the bond, where his bond was approved as of course when it was.
filed.

3. Sundays and legal holidays are not to be counted in computing the ten·
days within which the appellant is required to prosecute his appeal'
from the municipal court, after the approval of the appeal bond..
(Construing secs. 75, 76, and 1389, Code D. C.)

No. 2434.   Submitted November 6, 1912.   Decided December 2, 1912.

HEARING on appeal by defendant from an order of the Su-
preme Court of the District of Columbia overruling his motion·

to set aside a judgment affirming a judgment of the Municipal Court, entered in favor of plaintiff.                    *Affirmed.*.

The COURT in the opinion stated the facts as follows:

Appeal from an order in the supreme court of the District, overruling a motion to set aside the judgment theretofore entered in favor of the plaintiff, John B. Nicholls, appellee here, under sec. 76 of the Code [31 Stat. at L. 1201, chap. 854].

Suit was commenced in the municipal court by the plaintiff against the appellant, W. A. Swenk, trading as W. A. Swenk & Company, one of the defendants below, and Story & Cobb. On February 21, 1912, judgment was given in said court against the defendant Swenk, and the action dismissed as to Story & Cobb. On February 23d an appeal was noted by defendant. Swenk, and appeal bond filed and approved. On February 29th an appeal was noted by the plaintiff from the judgment dismissing the action as to Story & Cobb, and an appeal bond was filed. This bond was approved on March 5th, following. On the same day the appeal papers in both appeals were filed with the clerk of the supreme court. On March 6th notice was received by counsel for defendant Swenk, from the clerk of the municipal court, of the filing of the appeal papers in the office of the clerk of the supreme court. On March 7th plaintiff moved for affirmance of the judgment against the defendant Swenk, under sec. 76 of the Code, which motion was granted. Thereafter, on March 11th, the attorney for Swenk filed a motion in said court, setting forth that he had not received the notice of the filing of the appeal papers by the clerk of the municipal court until March 6th, and that owing, as he averred, to the "holding back" of said notice, he "did not have the proper time to give the matter his attention." He therefore moved that the judgment be set aside. Upon hearing, this motion was denied and an appeal taken.

*Mr Charles E. Robson* and *Mr. William J. Neale* for the appellant.

*Mr. Wilton J. Lambert* and *Mr. Rudolph H. Yeatman* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

The appeal should have been taken from the judgment, and not from the refusal of the court to set aside said judgment. *Tubman* v. *Baltimore & O. R. Co.* 20 App. D. C. 541; *Conboy* v. *First Nat. Bank,* 203 U. S. 141, 145, 51 L. ed. 128, 130, 27 Sup. Ct. Rep. 50. But, aside from this, there is no merit in the appeal. While sec. 31 of the Code [31 Stat. at L. 1194, chap. 854] requires the clerk of the municipal court immediately to file in the office of the clerk of the supreme court the original papers when an appeal undertaking has been approved in the municipal court, and to notify the appealing party or his attorney thereof, the section must be given a reasonable interpretation. In the present case a bonding company was the surety on the appeal, and the bond, as a matter of course, was approved when filed on February 23d. The defendant, therefore, at that time knew that, under sec. 76, unless he perfected his appeal within ten days, the plaintiff might have judgment. The notice from the clerk would have added nothing to the knowledge he already possessed. The apparent purpose of the provision in sec. 31, requiring the municipal court to notify counsel for the appealing party of the filing of the appeal papers in the supreme court, is that such attorney may be excused from watching the files in the municipal court to ascertain the date of the approval of the appeal bond. The sureties on the bond may not be known to the court, and hence the bond may not be approved for several days after it is filed. As the provisions of sec. 76 are not applicable until the approval of the bond, Congress has in effect required that notice of such approval be given counsel filing it. The defendant himself admits that he received actual notice the day before judgment was entered for the plaintiff under sec. 76, and yet he did nothing until March 11th, when he filed the motion herein. He did not even then attempt to perfect his appeal.

But, the defendant insists, the bond having been approved on February 23d, the plaintiff was not entitled to move for a judgment until the eleventh day thereafter, and, as two Saturdays intervened, the eleventh day, it is further contended, fell upon March 8th, instead of March 11th. In view of the provision in sec. 75, that the appellee, upon the perfection of an appeal from the municipal court to the supreme court, shall be summoned to appear in said supreme court on or before the tenth day "exclusive of Sundays and legal holidays," we think it was not intended that Sundays and legal holidays should be counted in computing the ten days mentioned in sec. 76. Saturday being a half holiday (Code, sec. 1389, [31 Stat. at L. 1404, chap. 854] ) the plaintiff was not entitled to an affirmance of the judgment until March 8th. But that does not help the defendant, for he did not thereafter attempt to perfect his appeal; and when the court passed upon the motion to set aside the judgment, the plaintiff was clearly entitled, upon the record, to an affirmance. The judgment must therefore be affirmed, with costs.                         *Affirmed.*