## DANTE *v.* BAGBY.

---

APPEAL AND ERROR.

An appeal should be taken from the judgment itself, and not from an order refusing to set it aside. (Following *Swenk* v. *Nicholls,* ante, p. 350.)

No. 2449. Submitted December 4, 1912. Decided January 6, 1913.

HEARING on a motion by the appellee to dismiss an appeal.
*Dismissed.*

The facts are stated in the opinion.

*Mr. Wharton E. Lester* and *Mr. M. J. Colbert* for the motion.

*Mr. Edwin C. Brandenburg, Mr. Clarence A. Brandenburg,* and *Mr. F. Walter Brandenburg* opposed. ·

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This cause can be disposed of upon the preliminary motion to dismiss the appeal. A verdict for damages was rendered in favor of India Bagby, appellee, and against one Stilson Hutch-

ins. Before the five days had expired when, under the rule, judgment could be entered on the verdict, Hutchins died. Thereafter the court rendered judgment *nunc pro tunc* as of the date of the verdict. Counsel for Hutchins in the suit took an appeal from the judgment in behalf of the executors named in the will of Hutchins. Subsequently, when appellant was appointed to collect the estate, he was substituted as party defendant. He filed a motion to vacate and set aside the judgment. On June 22, 1912, the court denied the motion, making the following order: "Upon consideration of the motion of William J. Dante, collector of the estate of Stilson Hutchins filed herein, to vacate and set aside the judgment entered herein on the 3d day of May, 1912, as of the 16th day of April, 1912, it is ordered that said motion be and hereby is overruled, to which said William J. Dante notes an exception. The said William J. Dante, collector of the estate of Stilson Hutchins, by his attorneys in open court notes an appeal to the court of appeals of the District of Columbia, and the penalty of the bond for costs on said appeal is hereby fixed in the sum of $100."

This was followed on June 24, 1912, by the following citation: "The President of the United States to India Bagby, Greeting: You are hereby cited and admonished to be and appear at the court of appeals of the District of Columbia, upon the docketing the cause therein, under and as directed by the rules of said court, pursuant to an appeal noted in the supreme court of the District of Columbia, on the 22d day of June, 1912, wherein William J. Dante, collector of the estate of Stilson Hutchins, deceased, is appellant, and you are appellee, to show cause, if any there be, why the judgment rendered against the said appellant should not be corrected, and why speedy justice should not be done to the parties in that behalf."

It will be observed that the appeal was taken from the order denying the motion to vacate the judgment. Appeal does not lie from such an order. The motion is addressed to the discretion of the court, and is intended to furnish the court an opportunity to correct its own error. If the right of appeal could be revived by a motion of this sort, it would enable the defeated

party to fix his own time for review, thus delaying indefinitely the enforcement of the judgment. The right of appeal from a similar order was denied in *Swenk* v. *Nicholls,* present term, ante, 350, where the court said: "Appeal should have been taken from the judgment, and not from the refusal of the court to set aside said judgment. *Tubman* v. *Baltimore & O. R. Co.* 20 App. D. C. 541; *Conboy* v. *First Nat. Bank,* 203 U. S. 141, 145, 51 L. ed. 128, 130, 27 Sup. Ct. Rep. 50."

The motion is sustained, and the appeal is dismissed, with costs.                                        *Dismissed.*

A motion by the appellant for rehearing was denied, Mr. Justice VAN ORSDEL delivering the opinion of the Court:

Counsel for appellant filed a motion for rehearing upon the grounds that the court erred in construing the order and notice of appeal; that similar practice had been followed in other cases, and that counsel had not deemed it of sufficient importance to consider it in brief or argument.

While the question is close, upon which the motion to dismiss the appeal was sustained, we are of opinion that, from a careful consideration of the language of the order and the notice of appeal, it cannot be reasonably construed to relate back to the judgment. It is not important that similar orders have been made in other cases, since the question was not presented or called to the attention of the court. It may be suggested that, if a loose practice has existed heretofore, of noting appeals from orders refusing to vacate a judgment, it will not justify us in invoking the rule of *stare decisis* to condone a custom that has not received judicial approval. On appeal, timely exception should be taken to defects in the proceedings below. In the present case, motion to dismiss was filed promptly and before the briefs were filed. Hence, counsel are not in position to claim surprise.

The motion for rehearing is denied.