SIOUX SPECIALTY COMPANY, Appellant, v. COYLE, Respondent.

(162 N. W. 748.)

(File No. 4161.    Opinion filed May 16, 1917.    Rehearing denied June 26, 1917.)

1.    **Judgment—Opening Default Judgment—Motion to Vacate, Affidavits of Merits on Hearing—Judicial Discretion.**

    Where, on motion to open a default judgment, moving party failed to file affidavits of merits and proposed answer until the hearing of the motion, held, that trial court did not abuse its discretion in permitting filing of supplemental affidavit containing an affidavit of merits and proposed answer, on the hearing.

2.    **Same—Default Judgment—Printed Summons on Colored Paper, Defendant Misled—Discretion in Opening Default.**

    Upon defendant's showing by affidavits on motion to open default judgment, that when summons was served upon him by

a private individual he was not informed and had no knowledge that the paper handed to him was a summons in the action, the latter being printed in circular form on colored paper, thereby misleading him, and that the first information he had that he had been sued was when the sheriff appeared with an execution based upon the default judgment; there being a sufficient affidavits of merits and proposed answer alleging payment, the affidavit not having been served with the motion, but appearing by supplemental affidavit filed on the hearing; held, that trial court did not abuse its legal discretion in granting a motion to open and vacate the default and permit defendant to answer on merits; the trial court possessing large discretion in such matters where defendant acts promptly.

Appeal from County Court, Gregory County. Hon. CHAS. A. DAVIS, Judge.

Action by Sioux Specialty Company, against Frank Coyle. From an order granting a motion to open and vacate a default judgment, plaintiff appeals. Affirmed.

*M. E. Culhane,* and *B. H. Schaphorst,* for Appellant.

No appearance for Respondent.

(1.) To point one of the opinion, Appellant cited: Circuit Court Rules 8, 11; Code Civ. Proc., Sec. 151; Black on Judgments, Sec. 347; Des Moines Mutual Hail Ins. Co. v. Clute, (S. D.) 151 N. W. 281.

McCOY, J. On the 10th day of August, 1916, default judgment in this action was entered in the county court. Upon the record, files, and affidavits, a motion was made by defendant to open and vacate said default and to permit defendant to interpose an answer, which motion was made returnable on the 13th of October, 1916, and at which time plaintiff appeared and by counter affidavits opposed said motion, and, after hearing the respective parties, said motion to open said default was denied. On the 17th day of October, 1916, defendant served notice of another motion to open said default based on the record, files, and additional affidavits therewith served, and which last motion was returnable on the 25th day of October, 1916. On the hearing of this last motion, plaintiff appeared in opposition thereto, and at said time defendant on motion was permitted to file a further supplemental affidavit. It appeared from the showing made by defendant that, when the summons was served upon him by a private individual, he was not informed and had no knowledge

that the paper then handed him was a summons in this action; that the said summons was not written or printed on white paper, but was in the form of a circular on colored paper, and that he was thereby misled; that the first information he had that he had been sued in this action was when the sheriff appeared with an execution based on the said judgment on the 2d day of October, 1916. There was a sufficient affidavit of merits and a proposed answer alleging payment on file at the time of the hearing of the last motion, although the affidavit of merits was not served with the motion, but was made to appear by the additional or supplemental affidavit filed at the time of the hearing. The motion to open the default was granted, and from which ruling the plaintiff has appealed, assigning that the showing made was not sufficient.

[1, 2] We are of the view that the trial court did not abuse its discretion in permitting the filing of this supplemental affidavit, and that the trial court did not abuse its discretion in granting the motion to open and vacate said default and permit defendant to interpose an answer upon the merits. The trial court possesses large discretion in such matters where the defendant acts promptly in seeking to open such default. Griswold Linseed Oil Co. v. Lee, 1 S. D. 531, 47 N. W. 955, 36 Am. St. Rep. 761. It will serve no useful purpose to further detail the record.

The order appealed from is affirmed.