McCONNELL, Appellant, v. MARGULIES (Margulies, Garnishee, Respondent).

(165 N. W. 990.)

(File No. 4244.  Opinion filed December 31, 1917.)

1. **Judgment—Default By Garnishee—Motion to Vacate—Affidavit of Merits, Allowing Adjournment and Amendment, Whether Error—Discretion—Statute.**

Where judgment by default was entered against defendant garnishee, and upon motion to set aside judgment upon an affidavit of merits, adjournment of hearing was allowed and garnishee permitted to file further affidavit, such ruling was within court's discretion; the rule promulgated in Sioux Specialty Co. v. Coyle, 39 S. D. 35, 162 N. W. 748, pursuant to Laws 1909, Ch. 13, being subject to provisions of Secs. 150 and 151, Code Civ. Proc., the same as though said rule had been prescribed by statute.

**2.   Same—Default Against Garnishee, No Answer, Under Ignorance of Law—Relief From—Statute, Liberal Construction.**

The statute authorizing relief from default judgments, is highly remedial; and where garnishee defendant failed to file an answer, through ignorance of law and because he owed the main defendant nothing, trial court properly set aside the judgment upon an affidavit of merits showing the reasons for failure to answer, and that garnishee owed defendant nothing; he upon being served with answer having informed plaintiff by letter that defendant was not in his employ.

**3.   Garnishment—Default Against Garnishee, Setting Aside—Rule, Liberality Favoring Garnishee.**

A more liberal rule is applied to application by garnishee to be relieved from default, than is applied to main defendant.

Appeal from Municipal Court of Sioux Falls.   Hon. ALPHA F. ORR, Judge.

Action by William C. McConnell, against Sam Margulies, Max Margulies being impleaded as garnishee.   From an order granting the motion of garnishee defendant to set aside default judgment against him, and permitting filing of an affidavit of disclosure, plaintiff appeals.   Affirmed.

*Jones & Mathews,* and *T. G. Owen,* for Appellant.

*Boyce, Warren & Fairbank,* for Respondent.

(1)   To point one of the opinion, Appellant cited: Laws 1909, Ch. 156, Secs. 10, 15; Laws 1913, Chap. 278, Sec. 1; Code Civ. Proc., Sec. 151; Circuit Court Rules 8, 10, 11; State National Bank v. Lowenstein (Okla.) 155 Pac. 1127.

Respondent cited·   1 Standard Procedure, p. 705; Sioux Specialty Co. v. Coyle (S. D.) 162 N. W. 748.

(2)   To point two of the opinion, Appellant cited: Western Stoneware Co. v. Pike County Mineral Springs Co. (Mo.) 155 S. W. 1083; Plano Mfg. Co. v. Murphy, 16 S. D. 380, 92 N. W. 1072.

(3) To point three of the opinion, Appellant cited: Childs, v. Parmenter, 12 Iowa, 22.

Respondent cited: First State Bank v. Krenelka, 137 N. W. 824; Waples on Attachments and Garnishments (2d Ed.) Sec. 501; Evans v. Mohn, Garnishee (Iowa) 7 N. W. 587.

POLLEY, J. The respondent in this case is a garnishee defendant. The garnishee summons was served on him at the same time that summons was served on the defendant in the action. On the following day, after the service of the summons, respondent wrote a letter to counsel for plaintiff as follows:

"Having been this day served with a garnishee summons on Sam Margulies, we are herewith formally advising you that Sam Margulies is not in our employ. Thanking you to pay this your immediate attention, we are," etc.

No further appearance was made by respondent, and default judgment was entered against him for the amount claimed to be due by the defendant in the action. Before taking said judgment, one of plaintiff's counsel telephoned to respondent's office and inquired if any disclosure would be made in the case, and, in reply to said inquiry, was informed that no disclosure would be made. On learning that judgment had been entered against him, respondent moved the court to set aside said judgment and permit him to file an affidavit of disclosure. This motion was granted, and plaintiff appeals.

[1] The motion was brought on for hearing at 10 o'clock in the morning, but, appellant objecting to the sufficiency of the affidavit of merit presented by respondent, the court adjourned the hearing until the afternoon of the same day, and permitted respondent to prepare and file a further affidavit. This is assigned as error. Under the decision of this court in Sioux Specialty Co. v. Coyle, 39 S. D. 35, 162 N. W. 748, the trial court was authorized to permit such affidavit to be filed. The rule promulgated by this court pursuant to chapter 13, Laws of 1909, should be held to be subject to the provisions of sections 150 and 151 of Code of Civil Procedure exactly as though said rule had been prescribed by statute.

[2] It is next contended that respondent wholly failed to show any excuse for his neglect to answer the garnishee summons and make a disclosure as required by law. The reason

assigned by respondent for not having answered was that he did not owe the defendant anything, and, not owing defendant anything, he did not know it was necessary to answer. In other words, that he did not know that the law required him to answer unless he was indebted to the defendant. Ignorance of the law is not, as a rule, a sufficient reason for failing to perform a duty imposed by law, but the law recognizes the fact that defaults are continually occurring, and that cases may, and frequently do, arise where the strict enforcement of the law authorizing judgments by default would result in great hardship and injustice. And it is to save litigants from such hardship and injustice that the law authorizes courts, upon good cause shown, to vacate default judgments and permit the filing of an answer. The statute authorizing relief from default judgments is remedial in the highest degree (34 Cyc. 1021), and should be liberally construed, to the end that no injustice be done. In view of the letter written by respondent after the summons was served upon him, and of the fact that his attention was called to the matter before the judgment was entered, the showing made by respondent in this case is not entirely satisfactory, and, had the trial court reached a contrary conclusion, we might not have disturbed it. But the application for relief in this class of cases is addressed to the sound discretion of the trial court, and, as was said in Cowie v. Harker, 32 S. D. 516, 143 N. W. 895:

"The exercise of that discretion will not be reviewed by this court, except in cases where there has been a clear abuse of such discretion, and a much stronger case must be made as to the abuse of such discretion where the court has granted the motion than in a case where the motion has been denied."

[3] A more liberal rule is applied to applications by garnishees to be relieved from defaults than is applied to the defendant in the action. First State Bank v. Krenelka, 23 N. D. 568, 137 N. W. 824; Evans v. Mohn, 55 Iowa, 302, 7 N. W. 593; Waples on Attachment and Garnishment (2d Ed.) 501.

In this case, if respondent did not owe the defendant anything or have any of defendant's property in his possession or under his control at the time of the service of the garnishee summons, it would be a manifest injustice to enforce the judgment entered against him by default. On the other hand, if it

developes at the trial that respondent did owe defendant something or did have property of the defendant in his possession or under his control at the time of the service of the summons, then judgment may be entered as of that date, and appellant's rights will be fully protected.

The order appealed from is affirmed.