JAMES E. COLLIFLOWER & CO., Inc., v.
McCALLUM–SAUBER CO. et al.

No. 5641.

Court of Appeals of the District of Columbia.

Argued Jan. 11, 1933.

Decided Jan. 30, 1933.

Leo P. Harlow and Marshall H. Lynn, both of Washington, D. C., for appellant.

Milton Conn and Alvin Newmyer, both of Washington, D. C., for appellee.

Before. MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associated Justices.

MARTIN, Chief Justice.

This appeal challenges an order of the lower court vacating and setting aside a judg- ment theretofore entered by it against a gar- nishee in attachment.

The record discloses that on April 3, 1931, appellant, James E. Colliflower & Co., Inc., commenced an action in the lower court against Beck & Guckert Floral Company, Inc., as defendant. In the declaration appellant alleged that theretofore it had recovered a judgment against defendant in the corporation court of the city of Alexandria, state of Virginia, in the sum of $1,950; that the judgment remained in full force and effect, unsatisfied in whole or in part, unreversed, and not superseded, and prayed judgment for said sum against defendant, together with interest and costs. Appellant at the same time filed an affidavit of attachment, wherein it alleged that the defendant was a foreign corporation.

A writ of summons was issued for the defendant on the same day, and was duly returned indorsed "not found." Thereupon an order for service of process upon the defendant by publication was entered by the court, and publication was duly made and proven in the case.

Upon the day when the declaration was filed, a writ of garnishment was issued attaching all credits and property of the defendant in the hands of McCallum-Sauber Company, and on the same day the writ was returned with the indorsement that it had been regularly served upon the garnishee.

On July 31, 1931, the defendant and the garnishee both being in default for answer or appearance, the lower court entered a judgment in the case in favor of appellant as plaintiff and against the garnishee in the sum of $1,950. But no judgment was entered against the defendant, Beck & Guckert Floral Company, Inc.

On January 5, 1932, the garnishee, McCallum-Sauber Company, filed a motion to vacate and set aside the judgment entered against it, alleging that the writ of garnishment was not in fact served upon the company; that the company had no notice of the garnishment, and that the judgment was void upon these grounds and upon other grounds apparent on the face of the record. Testimony was thereupon submitted to the court by affidavit relating to the claim that the writ of garnishment had not in fact been served upon garnishee, and that the garnishee had no notice of the garnishment or the judgment thereon.

The court sustained the motion to vacate the judgment, and it was so ordered. The

garnishee was granted leave to file an answer nunc pro tunc, as of April 4, 1931, the date of the alleged service of the interrogatories and writ of attachment upon it. Whereupon the garnishee filed an answer denying that it had in its possession any goods, chattels, or credits of the defendant. This order vacating the judgment is now before the court upon appeal.

■ In our opinion, the judgment rendered against the garnishee by the lower court on July 31, 1931, was irregular and void, inasmuch as no judgment had been rendered against the defendant, Beck & Guckert Floral Company, in this case. This procedure is contrary to the requirements of sections 463 and 464 of the Code of Laws of the District of Columbia 1924 (D. C. Code 1929, T. 24, §§ 139, 140). The sections read as follows:

Section 463: "Judgments.—If the defendant in the action has been served with process, final judgment shall not be rendered against the garnishee until the action against the defendant is determined. If in such action judgment is rendered for the defendant, the garnishee shall be discharged and shall recover his costs, and the property attached or its proceeds shall be restored to the garnishee or to the defendant, as the case may require."

Section 464: "If in such action judgment is rendered in favor of the plaintiff against the defendant, and it shall appear that the plaintiff is entitled to a judgment of condemnation of the property attached, the court shall proceed to enter such judgment in the attachment as in the following sections (sections 141 to 152, inclusive, of this title) directed."

It is abundantly established by the authorities that a judgment against the principal defendant in an attachment case is essential to the entry of a valid judgment against the garnishee. In Laselle v. Leland (C. C. A.) 298 F. 275, 278, it is said: "The law permits judgment against the garnishee, and condemning the property attached, only upon the plaintiff recovering against the main defendant."

In 28 C. J. 319, § 482, it is said: "It follows from the ancillary character of garnishment proceedings that ordinarily a valid judgment against the principal defendant is essential to the validity of a final judgment against the garnishee." (See citations.)

In 12 R. C. L., p. 823, § 56, it is said: "A valid judgment against the principal defendant is essential to authorize a judgment against the garnishee."

In Wade on Attachment, vol. 2, p. 136, it is said: "But the jurisdiction which the court has to render judgment against the garnishee is not complete, even where the service upon him is in strict compliance with the statute. This is sufficient to require the garnishee to answer; but before judgment can be rendered, by which the property or fund in his hands can be condemned to the payment of plaintiff's demand, there must be a valid judgment against the defendant." Arnold v. Gullat, 68 Ga. 810; Minneapolis, St. P. & S. S. M. Ry. Co. v. Pierce, 103 Minn. 504, 115 N. W. 649; Atwood v. Tucker, 26 N. D. 622, 145 N. W. 587, 51 L. R. A. (N. S.) 597; Hawarden State Bank v. Hessler, 131 Iowa, 691, 109 N. W. 210; Prudential Savings Bank v. Looney, 187 Ala. 19, 65 So. 770.

■ Moreover, it has been held that, where a garnishee defendant did not appear, its consent to an irregular proceeding cannot be presumed, and its want of appearance does not waive its right to insist on motion to set aside the default, nor estop it from insisting that the proceedings were irregular. Warner Coal Co. v. Nelson, 204 Mich. 317, 169 N. W. 1852.

■ In our opinion also it was not error for the lower court to hear testimony concerning the alleged service of the writ of garnishment upon the garnishee, nor do we disagree with the decision of the lower court upon the evidence. It is true that in England it has been the established law from an early date that the official return of service is conclusive as between the parties, and that the remedy of a party injured by a false return is by an action against the officer on his official bond, in which case alone the truth or falsity of the return may be inquired into. This rule is called the verity rule, but by the great weight of authority it is held that it does not prevail in this country.

In Crosby v. Farmer, 39 Minn. 305, 40 N. W. 71, 72, it is said: "If the officer makes a mistake, why should the defendant be compelled to allow the judgment against him to stand, and resort to his suit against the officer, instead of being permitted to apply in a direct proceeding in the action to set aside the false return. We can see no good reason why the plaintiff should have a sum of money to which he is not entitled, and the officer be compelled to pay the defendant a like sum for making what may have been an honest mistake. If somebody must suffer loss for the mistake, it is right that it should fall on

him who made it; but, if discovered in time to prevent loss to any one, why should not the mistake be corrected on motion. There are very good reasons why the return of a ministerial officer should be held conclusive in all collateral proceedings, but we can see none, either upon principle or considerations of [public] policy, why it may not be impeached for falsity in direct proceedings in the action; assuming always, of course, that no rights of third parties have intervened. * * * Upon a motion made in the action to vacate a judgment by default on the ground of no service of the summons, the return of the officer may be impeached by affidavits, as was done in this case." Johnson v. Gregory & Co., 4 Wash. 109, 29 P. 831, 31 Am. St. Rep. 907; Nuttallburg Smokeless Fuel Co. v. First National Bank, 89 W. Va. 438, 109 S. E. 766; Crawley v. Neal, 152 Ark. 232, 238 S. W. 1054; Real Silk Hosiery Mills v. Philadelphia Knitting Mills (C. C. A.) 46 F.(2d) 25; Nickerson v. Warren City Tank & Boiler Co. (D. C.) 223 F. 843, 846; Jordan v. McKenzie, 199 N. C. 750, 155 S. E. 868; Hilt v. Heimberger, 235 Ill. 235, 85 N. E. 304; National Metal Co. v. Greene Consolidated Copper Co., 11 Ariz. 108, 89 P. 535, 9 L. R. A. (N. S.) 1062.

It should be noted that this case does not involve the rights of third parties, and it is therefore distinguishable from Miedreich v. Lauenstein, 232 U. S. 236, 34 S. Ct. 309, 58 L. Ed. 584. It may also be noted that by some proceeding not clearly indicated by the record a writ of garnishment was served upon the Security Savings & Commercial Bank, requiring it as garnishee to report what, if any, credits it held for the McCallum-Sauber Company. It is plain that this writ was improvidently issued, and the lower court was right in discharging it.

We are therefore of the opinion that the proceeding of the lower court in vacating the judgment rendered against the garnishee was correct, and it is affirmed, with costs.