**HORAD v. YEE.**
No. 1069.

Municipal Court of Appeals for the District of Columbia.

Argued July 9, 1951.

Decided July 23, 1951.

Benjamin F. Amos, Washington, D. C., with whom Leroy A. Smith, Washington, D. C., was on the brief, for appellant.

Leonard B. Sussholz, Washington, D. C., with whom Jacob N. Halper Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Plaintiff appeals from a refusal of the trial court to grant him a judgment of recovery against a garnishee. His suit was originally filed on November 28, 1950 against Kinch Fennell on a promissory note. On January 6, 1951 judgment by default was entered on the claim for $746.96 with interest and costs and an attorney's fee of $75. On February 12, plaintiff caused a writ of garnishment to be issued against Billy Yee, who is appellee here. The writ was accompanied by the usual interrogatories to be answered in ten days as to credits of defendant in the garnishee's hands. No answer having been filed plaintiff, on March 3, filed a motion for judgment of

recovery against the garnishee, which motion was set for hearing on March 21.

On March 5 the garnishee filed his sworn answer to the interrogatories reciting "that he speaks and reads English poorly, being of Chinese extraction; that he was served with a paper on or about February 14, 1951, containing a caption naming his employee, Kinch Fennell; that when he showed this paper to Mr. Fennell, the employee grabbed the paper from him, stating: 'This is for me, I will take care of it.'" He also stated that after that he made three payments of $50 each to Fennell, and that said payments were made without any knowledge that the paper served on him was a writ of attachment. He also recited that defendant Fennell was the head of a family consisting of a wife and ten children.[1] (He was apparently mistaken in his count for an affidavit later filed by defendant himself said he had eight children of whom four were emancipated.)

On March 7 defendant Fennell filed a motion to vacate the default judgment against him and also filed an answer to the suit, both under oath. He recited that the note had been given to plaintiff for the purchase price of a business; that the business and certain fixtures had later been returned to plaintiff on his demand; that the parties had mutually rescinded the contract; and that this resulted in "the absence of, or failure of, consideration for said note." He also filed an affidavit of his son reciting that he, the son, had received the original suit papers[2] and that through inadvertence he never gave them to his father and never called them to his attention. Defendant asked that the default judgment against him be set aside, and tendered his demand for jury trial. He also asked that the writ of attachment against the garnishee, Billy Yee, be set aside and he filed a separate affidavit in which he admitted that he had taken the writ of attach-

ment from Yee and told him he would take care of it.

Several days before plaintiff's motion for judgment came on for hearing, garnishee filed formal opposition thereto, in addition to the sworn answer he had already filed. In said opposition he claimed, among other things, that he had filed his answer to the interrogatories before plaintiff's motion for judgment was served upon him and he reiterated the right of the judgment defendant to exemptions.

Such was the state of the record when plaintiff's motion was presented for decision. After hearing, the trial court ordered that the default judgment against Fennell be set aside and the suit against him be calendared for jury trial. The court also denied plaintiff's motion for judgment against the garnishee and set aside the writ of attachment against him.

Bringing the case here for review, plaintiff does not challenge the action of the court below in opening up the default as to the principal defendant.[3] His sole allegation of error is directed to the refusal to grant him a judgment of recovery against the garnishee. He does not charge abuse of discretion; instead he says there was error in the "use of judicial discretion" because Code 1940, § 15–312, provides that when a garnishee has failed to answer, judgment "shall" be entered against him and that the trial court had a mandatory duty to enter such judgment. There are several answers to this contention.

One answer is that there are special circumstances in which mandatory words may be given a permissive meaning. Ballou v. Kemp, 68 App.D.C. 7, 92 F.2d 556. But we need not invoke that doctrine for we think it plain that the Code section on which appellant relies is not mandatory as applied to this situation. The very sentence depended on by him recites that judgment shall be entered "if

1. Under Code 1940, § 15–403, as amended December 20, 1944, a garnishee may set up a defendant's claim to exemptions.

2. This statement is borne out by the official return of the United States Marshal.

3. Though Kinch Fennell was originally named as an appellee, it is apparent that he is not a proper party to this appeal and that the only real appellee is the garnishee, Billy Yee. We have so named him in the caption.

the garnishee shall have failed to answer the interrogatories served on him, *or to appear and show cause why a judgment of condemnation should not be entered * * \*."* (Emphasis ours.) This garnishee did appear and show several reasons why no judgment of condemnation or of recovery should be entered, including his failure to understand the nature of the proceedings, his lack of indebtedness to the judgment defendant, and the right of defendant to claim exemptions.

Another reason why appellant cannot prevail here is that the Municipal Court has discretionary power *after* entering judgment of recovery to set it aside for good cause shown. Ray v. Bruce, D.C.Mun. App., 31 A.2d 693. And we need not labor the point that the power to set aside a judgment presupposes the power to refuse to enter it in the first instance for good cause shown.

But the most compelling answer to appellant's contention is that without a valid judgment of record against the principal debtor, the court had no right to enter a judgment of recovery against the garnishee. James E. Colliflower & Co. v. McCallum-Sauber Co., 61 App.D.C. 390, 63 F.2d 366. There the court held that because there was no judgment against the principal defendant, the judgment rendered against the garnishee was irregular and void, construing Code 1940, § 16–319. It is true that here there had once been a judgment against the principal debtor; but it was vacated and the case placed on the calendar for trial, where it still remains. In vacating such judgment the court by the same stroke of the pen obliterated any right of the plaintiff to demand judgment against the garnishee.

Affirmed.