Nicholas COSTIN, trading as Costin's
Sirloin Room, Appellant,

v.

HOLLYWOOD CREDIT CLOTHING CO.,
a corporation, Appellee.

No. 2128.

Municipal Court of Appeals for the
District of Columbia.

Argued Jan. 27, 1958.

Decided April 28, 1958.

Mark P. Friedlander, Jr., Washington,
D. C., Mark P. Friedlander, Washington,
D. C., on the brief, for appellant.

Alvin L. Newmyer, Washington, D. C.,
Alvin L. Newmyer, Jr., and Norman Baum,
Washington, D. C., on the brief, for ap-
pellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal is from an order refusing to quash a writ of attachment and to vacate a judgment of recovery against appellant as garnishee under a judgment obtained by appellee, Hollywood Credit Clothing Company, against one Terry. Consideration of the questions raised requires a statement of the factual background leading up to the motion to vacate.

On November 17, 1955, Hollywood sued Terry for $242.42 for merchandise sold to him. Summons was issued and Terry was personally served on November 22. He had twenty days after service in which to answer, but on November 23 there was filed with the clerk of the court a praecipe signed by Terry, dated November 18, in which he stated that he confessed judgment for the amount sued for, and two days later a judgment by confession was entered against him. On March 25, 1957, Hollywood caused to be issued a writ of attachment against appellant as garnishee. This writ required appellant to answer, under penalties of perjury, whether he was indebted to Terry and in what amount, whether he held any goods or credits of Terry, and whether Terry was employed by him, and to file his answer within ten days after service. Appellant was served on March 26 and on the next day the paper served on him was filed in court unanswered and unsigned. (The circumstances surrounding the filing of the paper will be discussed later.) About ten days later Hollywood filed a motion for judgment of recovery against appellant because of his failure to answer. Although served with a copy of this motion appellant did not appear on the day set for hearing and judgment was entered against him. Thereafter Hollywood issued an attachment on this judgment against appellant and seized his bank credits. Then

appellant came to court and filed the motion which is the subject of this appeal.

The motion admitted that appellant had been served with the writ and made no claim that he had answered it, but alleged that appellant returned the writ by mail to the court, "stating" that Terry had not worked for appellant since January 2, 1957. The means by which he "stated" that fact is not explained in the motion. In his supporting affidavit appellant said he sent the garnishment back to the court and "told them" Terry had not worked for him since January 2 and that he owed Terry no money, but he did not explain how he "told them." His explanation for not appearing in court when notified of the motion for judgment against him was that when he received the notice he had his secretary check with the court and she was told his answer was on file, and he then wrote a letter to Hollywood's attorney (not the attorney on this appeal) stating that the writ had been returned to the court on the same day it was served "with a notation" that Terry had not worked for him since the second week of January.

After a hearing on the motion, no evidence being taken, the court denied the motion. Here appellant does not contend that he made out a case warranting discretionary relief from the judgment, but asserts that the judgment against him was void and should be vacated as a matter of law.

■ First, appellant says the judgment was void because of "constructive fraud of an extrinsic nature." This argument is based on the fact that appellant, when he received notice of the motion for judgment against him for his failure to answer the garnishment, wrote the letter to Hollywood's attorney indicating that it was his understanding he had answered the garnishment and further indicating that at the time of the service of the writ he was not indebted to Terry. It is appellant's contention that Hollywood's attorney, when

asking for judgment against appellant for failure to answer, should have made known to the court the contents of this letter; and that failure to disclose receipt and contents of the letter was a fraud upon the court. This argument assumes (1) that the attorney did not disclose the letter to the court, although the record is silent on the matter, and (2) that had the letter been disclosed the court would not have granted the judgment, although this by no means necessarily follows. However, accepting these assumptions, we see no fraud on the court. Perhaps it would have been the courteous thing for Hollywood's attorney on receipt of the letter to have suggested to appellant that he should appear in court on the hearing date and tell his story to the court; and while it would have been more ethical for the attorney to have made a full disclosure to the court, we doubt there was a compelling duty on him to tell the court that although appellant had not answered the writ and had not appeared to oppose the motion for judgment, nevertheless, it appeared from appellant's letter that he thought he had sufficiently answered and felt judgment should not be granted. Suppose he had, what then would be the next step? In view of appellant's casual and informal treatment of the writ and motion, we do not believe it was incumbent on either the court or Hollywood's attorney to urge, or attempt to force, appellant to go to court to protect his own rights. In any event appellant could not, by writing a letter to Hollywood's attorney, thrust upon the attorney the burden of conveying to the court information which appellant himself should have presented to the court in regular manner.

■ Appellant's next claim is that the judgment against him is void because the writ of garnishment stated the date of the judgment against Terry to be November 25, 1956, whereas the correct date was November 25, 1955. The garnishment correctly stated the title and number of the case in which the judgment was rendered; and the judgment could be identified without difficulty. The misstatement of date in nowise prejudiced or misled appellant. We see no merit to this contention.

■ Appellant's final claim is that the judgment against him is void because the judgment against Terry was void. He argues that the court was without jurisdiction to enter judgment against Terry on his confession of judgment because it was filed in the action prior to service on Terry. In Newman v. Universal Enterprises, Inc., D.C.Mun.App., 129 A.2d 696, we expressed our disapproval of the practice of some merchants in having customers sign praecipes for confession of judgment because of the possibility of fraud and injustice in such transactions, and we held that such transactions should be scrutinized with care. However, we also recognized that a valid judgment may be entered on a praecipe, voluntarily executed and filed, by which the signer voluntarily appears and confesses judgment. Here, because of nothing in the record to the contrary, we must assume that Terry voluntarily and intelligently signed the praecipe and authorized its filing, knowing that the effect of it would be a judgment against him. There is the further fact that Terry was served with process in the action and he never appeared to contest the action or to seek to vacate the confession judgment. We cannot hold that the judgment against him was void.

In conclusion we wish to say that we are fully aware that many businessmen feel, and perhaps with some justification, that our garnishment law, and especially the use of such law by certain merchants, imposes upon them an undue and harsh burden. However, the law, as long as it exists, must be respected; and one who is served with a writ of garnishment issued by the court pursuant to law must treat that writ with respect and not with indifference.

Affirmed.