Lane PASTOR, Appellant,

v.

**REPUBLIC SAVINGS AND LOAN ASSO-CIATION, a corporation, Appellee.**

No. 2376.

Municipal Court of Appeals for the District of Columbia.

Argued May 4, 1959.

Decided Aug. 6, 1959.

Ewing Laporte, Washington, D. C., for appellant.

Russell D. Miller, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

On December 17, 1958, Lane Pastor, appellant here, obtained a judgment for $1,600 against Ross Pastor, and four days later caused a writ of attachment to issue on the judgment. This writ, addressed to

Republic Savings and Loan Association as garnishee, required it to answer whether it was indebted to the judgment debtor, and notified it that answer to the writ was required within ten days after service and warned that failure to answer might result in judgment for the full amount being entered against it. The writ was served on December 24. The record does not show on what officer or employee of the association service was made, but the writ was brought to the attention of the Assistant Secretary-Treasurer and she examined the account of Ross Pastor and found that his account had been closed out for almost a year. On ascertaining this, she concluded that no action was required on the part of the Association and she placed the writ in a file.

After waiting twenty days for an answer to the writ to be filed, appellant moved for judgment against the Association because of its failure to answer. When this motion was served, the Association woke up and got into action. It filed an answer to the writ, stating that it was not indebted to the judgment debtor, and it filed opposition to the motion for judgment with supporting affidavits. The substance of the affidavits was that the failure to answer the writ was unintentional and was due to mistake and lack of understanding on the part of the Assistant Secretary-Treasurer, described as a junior officer whose duties are chiefly of a clerical nature. After a hearing the trial court denied the motion and this appeal is from such denial.

■ Chapter 3 of Title 15, of our Code of 1951, entitled "Proceedings In Aid Of Execution," provides for issuing of attachments on judgments, with interrogatories to the garnishee inquiring as to credits or property of the defendant in the hands of the garnishee. The garnishee is required to answer under oath ten days after service. The particular section with which we are here concerned provides: " * * * and if the garnishee shall have failed to

answer the interrogatories served on him, or to appear and show cause why a judgment of condemnation should not be entered, such judgment shall be entered against him for the whole amount of the plaintiff's judgment and costs, and execution shall be had thereon." [1]

It is appellant's contention that the word "shall," as used above, is mandatory, and that if a garnishee fails to answer within the time limited by the statute, the court has no discretion in the matter but must enter judgment against the garnishee for the full amount of the plaintiff's judgment.

■ We cannot agree with appellant's contention. Courts generally have the inherent power to relieve from default, and in our opinion Congress in passing our garnishment statute did not intend that a garnishee should be held to an absolute liability for default. Otherwise, a garnishee would be denied the relief generally available to defendants in civil cases. We see no reasonable basis for imposing such strict liability upon a garnishee, for, as was pointed out by Judge Cayton in his dissent in Ray v. Bruce, D.C.Mun.App., 31 A. 2d 693, 698, a garnishee is almost always an innocent, disinterested third person who is brought unwillingly into a controversy not of his making. We hold that the general principles relating to relief from default apply to a defaulting garnishee.

Appellant argues that even if the court had power to grant relief, its action here was an abuse of discretion. We agree that the Association was most careless in this matter. The writ plainly and unmistakably called for an answer and warned of the consequences which might follow failure to answer. And the only excuse offered was the "erroneous" conclusion of the Association's officer that because nothing was owing no answer was required. In Costin v. Hollywood Credit Clothing Co., D.C.Mun. App., 140 A.2d 696, 698, we said that "one who is served with a writ of garnishment

1. Code 1951, § 15–312.

issued by the court pursuant to law must treat that writ with respect and not with indifference." As against the foregoing the trial court was entitled to weigh other factors. The default was the result of carelessness and was not intentional. No money was owing by the Association to the judgment debtor, and appellant shows no prejudice to him resulting from the default. To let the default stand would impose a liability of $1,600 on the Association when in fact it had no liability. The grant of relief rested in the discretion of the trial court and the record does not disclose manifest abuse of such discretion.

Affirmed.