**METROPOLITAN ROOFING AND SHEET METAL CO., Inc., Appellant,**

v.

**FRANKLIN INVESTMENT CO., Inc., Appellee.**

Nos. 465-, 4655.

District of Columbia Court of Appeals.

Argued June 24, 1969.

Decided Oct. 3, 1969.

Frank B. Tavenner, Washington, D. C., for appellant.

Bernard D. Lipton, Washington, D. C., for appellee.

Before FICKLING, KERN and NE-BEKER, Associate Judges.

NEBEKER, Associate Judge:

These consolidated appeals are from two judgments entered against appellant-garnishee after a hearing on appellee's motion for judgment of recovery. Appellant, a nonresident corporation, was served with writs of attachment pursuant to D.C. Code 1967, § 29–933i(c). Appellant filed no answer and accordingly appellee requested judgment of recovery as provided in D.C. Code 1967, § 16–556(b). Appellant then filed an opposition to the motion contending that it was not doing business in the District of Columbia and hence not subject to the trial court's jurisdiction. Appellant also contended that the judgment debtor was owed nothing by appellant at the time the writs of attachment were received and that the employment relationship terminated thereafter. After hearing, the trial court held that appellant was doing business in the District of Columbia. Appellant then tendered an answer to the writs and the court refused to permit the same to be filed. Judgments were then entered and appeals timely noted.

Appellant contends that the trial court erred in its jurisdictional finding and that refusal to permit tardy filing of the answer was an abuse of discretion. We affirm as to the jurisdictional finding that appellant was doing business in the District of Columbia, but reverse and remand to permit further showing and finding on whether "a judgment of condemnation should not [have been] entered." D.C. Code 1967, § 16–556 (b).

■ The hearing revealed that appellant did roofing and sheet metal work, and that it employed about seven men and operated several trucks. Appellant as a subcontractor did roofing work in the District of Columbia for the past several years for three different contractors, as well as a few roofing jobs for private parties. Appellant's president estimated the total number of jobs done in the District of Columbia in the last five years to be about sixty with twelve in the preceding year. He also testified that the corporation would accept work in the District of Columbia whenever possible. Appellant also maintained an answering service in the District of Columbia.

■ From the foregoing, the question is

\* \* \* whether the extent and continuity of what it [the foreign corporation] has done in the [jurisdiction] in question makes it reasonable to bring it before one of its courts. Goldberg v. Southern Builders, 87 U.S.App.D.C. 191, 193, 184 F.2d 345, 347 (1950).

In Frene v. Louisville Cement Co., 77 U.S. App.D.C. 129, 133, 134 F.2d 511, 515, 146 A.L.R. 926 (1943), the court said "\* \* \* the fundamental principle underlying the 'doing business' concept seems to be the maintenance within the jurisdiction of a regular, continuous course of business activities \* \* \*." The appellant contends that his activities are not sufficient to meet this standard—that he "maintained no office, agent or resident employee" in the District of Columbia since its existence. But as we said in Stevens v. American Service Mutual Insurance Co., D.C.App., 234 A.2d 305, 308 (1967):

The absence of tangible indicia of corporate presence does not automatically mean that a corporation is immune from service of process if it is, in fact, carrying on a regular course of business here.

The evidence reflects that the appellant was regularly doing business in the District of Columbia. Accordingly, it is reasonable to subject it to the jurisdiction of the trial court.

 As to appellant's contention that he should have been allowed to file an answer asserting nonliability, we see the issue in a different light. D.C. Code 1967, § 16–573 (a), provides that the garnishee has a duty to withhold and pay money to the judgment debtor if "at the time [he] is indebted for wages to an employee" or "becomes so indebted * * * in the future." After appellant failed to answer the interrogatories propounded pursuant to D.C. Code 1967, § 16–552(a), appellee made the motion for judgment under D.C. Code 1967, § 16–556(b). This section permits judgment to be entered in the discretion of the court[1] if the garnishee "failed to answer the interrogatories served on him, *or* to appear and show cause why a judgment * * * should not be entered * * *." (Emphasis added.)

At the hearing on appellee's motion for judgment, appellant took a dual approach in his effort to show why judgment should not have been entered. While primary emphasis was directed to the jurisdictional question discussed above, the record does reflect that testimony was received from the president of appellant-corporation that the judgment debtor was owed nothing when the writs were received and that he thereafter left the job. If this were the case and no additional wages became due between receipt of the writs and termination of the employment then appellant is not subject to the provisions of D.C. Code 1967, § 16–573(a) (1) and (2).

It does not appear from the record that the trial court resolved the issue presented by this testimony. It does appear that counsel may have forgotten about this issue and thus inadvertently failed to request such a ruling because of his effort to secure permission to file the late answer. In any event, we think it just under the circumstances[2] to remand for further proceedings and a ruling regarding the question whether he fell within the provisions of § 16–573 (a), *supra*.[3]

Accordingly, the judgments are

Reversed and the cases are remanded for further proceedings.

---

1. Pastor v. Republic Sav. and Loan Ass'n., D.C.Mun.App., 153 A.2d 813 (1959).

2. D.C.Code 1967, § 17–306.

3. We also note a fleeting reference in the record to the effect that appellant's president forwarded the writs of attachment to his counsel. Accordingly we do not limit the scope of the proceedings on re-

mand to the above issue. The parties or the court may wish to consider further whether cause exists to permit an answer to be filed. The general principles relating to relief from default for failure to answer apply to defaulting garnishees. Pastor v. Republic Sav. and Loan Ass'n, *supra*, n. 1 and is expressly allowed by § 16–556(b), *supra*.