**WRECKING CORPORATION OF AMER-
ICA, VIRGINIA, INC., Appellant,**

v.

**JERSEY WELDING SUPPLY,
INC., Appellee.**

No. 82–312.

District of Columbia Court of Appeals.

Submitted June 8, 1983.

Decided July 7, 1983.

Louis Fireison, Bethesda, Md., was on brief for appellant.

No brief was filed on behalf of appellee. William A. Grant, Washington, D.C., entered an appearance for appellee.

Before NEWMAN, Chief Judge, TERRY, Associate Judge, and KELLY, Associate Judge, Retired.

TERRY, Associate Judge:

In 1979 appellee was awarded a money judgment against Wrecking Corporation of America, Inc. Two years later appellee served the registered agent of appellant Wrecking Corporation of America, Virginia, Inc., a different corporation, with a writ of attachment on the judgment.[1] After wait-

1.  D.C.Code § 29–310 (1981) requires a corpora-   tion organized under the laws of the District of

ing ten days for appellant to answer the two interrogatories propounded to it with the writ and receiving no response, appellee moved for a judgment of condemnation against appellant as garnishee for $5,271.70. Upon receipt of this motion, appellant promptly filed an opposition arguing that the motion should be denied on the ground that it had never received the writ of attachment from its agent. Appellant also provided the court and opposing counsel with a copy of its answers to the interrogatories. After a hearing the trial court granted appellee's motion and entered a judgment against appellant for the requested amount.

Appellant filed a motion for reconsideration under Super.Ct.Civ.R. 60(b) in which it asked the court to vacate the judgment. In its motion appellant alleged that the writ had not been personally served on it and that, in any event, it did not have any property belonging to the debtor defendant. The court denied the motion, and appellant noted this appeal. We hold that the service of the writ of attachment on appellant's registered agent constituted valid service of the writ on appellant. We also hold, however, that in the circumstances of this case, the court abused its discretion in failing to vacate the judgment of condemnation.

## I

Our attachment and garnishment statute, D.C.Code §§ 16–501 through 16–584 (1981), nowhere states with particularity how a writ of attachment is to be served on the garnishee, nor does it specify who should be served in the event that the garnishee is not a natural person, *i.e.,* a corporation, part-

nership, or unincorporated association. Appellant, a corporation, argues that service of the writ on its registered agent was invalid, but it fails to articulate on whom valid service could or should have been made. In resolving this question we find Super.Ct. Civ.R. 4 most helpful.

We recognize, of course, that Rule 4 deals with service of a summons and complaint, documents altogether different from the writ in the instant case. *See United States v. Thornton,* 217 U.S.App. D.C. 248, 253–254, 672 F.2d 101, 106–107 (1982). Nevertheless, a corporation cannot function except through its agents, and we see no reason to formulate a different rule for the service of a writ of attachment on a corporation from that which applies to the service of a summons and complaint. Thus we hold that a writ of attachment after judgment may be properly served on a corporate garnishee by delivering it to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process ...." Super.Ct.Civ.R. 4(d)(3). Service of the writ in this case was accomplished by delivery of the writ to appellant's registered agent; therefore, appellant cannot complain that the service was invalid.

## II

Appellant also asserted in its motion for reconsideration of the condemnation judgment that it had no property belonging to the debtor defendant, supporting this assertion with both an affidavit and its answers to the interrogatories.[2] No proof to the contrary was offered by appellee. In these circumstances, and especially in light

Columbia to appoint a resident individual or corporation as its registered agent, and § 29–312 designates that agent as the person "upon whom process against the corporation may be served, and upon whom any notice or demand required or permitted by law to be served upon the corporation may be served." Corresponding provisions for foreign corporations are found in D.C.Code §§ 29–399.7 and 29–399.9 (1981). The record does not disclose whether appellant is a domestic or a foreign corporation.

2. It appears from the record that appellant filed an "answer" to the writ of attachment (*i.e.,* answers to the interrogatories) along with its opposition to the motion for judgment of condemnation. Although this answer is not in the record, appellant alleged without contradiction that copies of it had previously been provided to the court and to counsel for appellee, who had acknowledged receipt of it.

of appellant's promptness in seeking redress, we hold that the court's refusal to grant the motion was an abuse of discretion.

A garnishee's failure to provide timely answers to the interrogatories accompanying a writ of attachment after judgment[3] can have serious consequences. D.C.Code § 16–556(b) (1981) provides:

> When the garnishee has failed to answer the interrogatories served on him, or to appear and show cause why a judgment of condemnation should not be entered, judgment shall be entered against him for the whole amount of the plaintiff's judgment and costs, and execution may be had thereon.

See *Costin v. Hollywood Credit Clothing Co.*, 140 A.2d 696 (D.C.1958). The decision to enter a judgment of condemnation, however, lies in the discretion of the trial court, *Metropolitan Roofing & Sheet Metal Co. v. Franklin Investment Co.*, 256 A.2d 913, 915 (D.C.1969); *Pastor v. Republic Savings & Loan Ass'n*, 153 A.2d 813, 815 (D.C.1959), and is therefore reviewable for abuse of that discretion. Such a judgment may be entered under the statute if the garnishee either fails to answer the interrogatories accompanying the writ or fails to show cause why a judgment should not be entered. *See Austin v. Smith*, 114 U.S.App. D.C. 97, 312 F.2d 337 (1962). In either instance, a critical factor for this court to consider in reviewing the trial court's exercise of discretion is whether the garnishee was in fact indebted to the judgment debtor or possessed any property belonging to the debtor. *Pastor v. Republic Savings & Loan Ass'n, supra; see Horad v. Yee*, 82 A.2d 916, 918 (D.C.1951); *Austin v. Smith, supra*, 114 U.S.App.D.C. at 101, 312 F.2d at 341.

Along with its opposition to appellee's motion for judgment of condemnation, as well as its motion for reconsideration, appellant provided the court with a copy of its answers to the interrogatories in which it stated that it was not indebted to the debtor defendant and did not possess any of its property. Appellant's failure to answer the interrogatories was not intentional, and as soon as it was served with appellee's motion, appellant "woke up and got into action." *Pastor v. Republic Savings & Loan Ass'n, supra*, 153 A.2d at 814.[4] On this record, and in the absence of any proof—or even a proffer—that appellant was holding any property belonging to the judgment debtor, the trial court should have set aside the judgment of condemnation.

Whatever doubt may have previously existed, we now make clear that a corporate garnishee's failure to answer a writ of attachment served upon its registered agent may prove fatal if a judgment of condemnation is subsequently sought and entered against it on behalf of the judgment creditor. In this case, however, we conclude that because of the failure of appellant's agent to transmit the writ and the interrogatories, because of appellant's good-faith but erroneous belief, upon learning of the writ, that it had not been properly served,[5] because of the expeditious manner in which it acted when served with appellee's motion for judgment of condemnation, and because of its unrefuted showing that it did not possess any property belonging to the judgment debtor, the trial court abused its discretion in not vacating the judgment of condemnation. *See Metropolitan Roofing & Sheet Metal Co. v. Franklin Investment Co., supra; Pastor v. Republic Savings & Loan Ass'n, supra.*

*Reversed.*

---

3. *See* D.C.Code § 16–552(a) (1981); Super.Ct. Civ.R. 69–I(d).

4. We emphasize the importance of prompt action by an aggrieved garnishee in moving to set aside a judgment of condemnation. Had appellant waited an unreasonable length of time before seeking relief, we would be far less disposed than we are to find an abuse of discretion by the trial court in this case.

5. After this opinion is issued, of course, no garnishee will be able to entertain such a belief in good faith.