242 P.3d 1015 (2010)
2010 WY 147
In re Piyush PATEL.
Tracy Zubrod, Appellant (Plaintiff),
v.
CWCapital Asset Management, LLC, Appellee (Defendant).
No. S-10-0075.
Supreme Court of Wyoming.
November 16, 2010.
*1016 Representing Appellant: Paul Hunter, Cheyenne, Wyoming.
Representing Appellee: Gregory C. Dyekman of Dray, Thomson & Dyekman, P.C., Cheyenne, Wyoming.
Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.
VOIGT, Justice.
[¶ 1] A two-part question relating to service of writs of execution, pursuant to Wyo. Stat. Ann. § 1-19-103 (LexisNexis 2009), was certified to this Court from the United States Bankruptcy Court for the District of Wyoming. The first questionwhich we answer in the positiveis whether service of a writ of execution is valid when made on a corporation's registered agent where a corporate officer is not present when service is attempted. The second questionwhich we answer in the negativeis whether service of a writ of execution is valid when made on a law partner of the corporation's registered agent.

ISSUES
[¶ 2] Although presented as one certified question, there are actually two questions for this Court to answer[1]:
1. Is a security interest in corporate stock perfected, pursuant to Wyo. Stat. Ann. § 1-19-103, when service of a writ of execution is made on the corporation's registered agent because a corporate officer is not present when service is attempted?
2. Is a security interest in corporate stock perfected, pursuant to Wyo. Stat. Ann. § 1-19-103, when service of a writ of execution *1017 is made on a law partner of the corporation's registered agent?

FACTS[2]
[¶ 3] CWCapital Asset Management, LLC (CWCapital) received a money judgment against Piyush Patel (Patel). Patel owned 100% of the stock of P & P, Inc., and 50% of the stock of PJP Enterprises, Inc., and was the president of both corporations. CWCapital had the sheriff attempt to serve two writs of execution on Patel, as the corporations' president, in order to levy against his shares of stock in both corporations to satisfy the money judgment. Patel was neither at his business office nor his home when service was attempted, so the sheriff served both writs on Timothy Kingston, who was the registered agent for service of process for PJP Enterprises, Inc. At the time process was served on Kingston, he was the law partner of Charles Graves, who was the registered agent for P & P, Inc.
[¶ 4] In March 2009, Patel filed a Chapter 11 reorganization bankruptcy, which was later converted to a Chapter 7 liquidation bankruptcy and a trustee was appointed. After CWCapital objected to Patel's use of cash collateral, the trustee filed an adversary proceeding requesting that the bankruptcy court find that CWCapital had failed to perfect its interest in the stock from either corporation. That filing led to this certification.

DISCUSSION

Is a security interest in corporate stock perfected, pursuant to Wyo. Stat. Ann. § 1-19-103, when service of a writ of execution is made on the corporation's registered agent because a corporate officer is not present when service is attempted?
[¶ 5] The trustee argues that CWCapital never perfected a security interest in the debtor's corporate stock because service of the writ of execution did not comply with Wyo. Stat. Ann. § 1-19-103. Wyo. Stat. Ann. § 1-19-103 provides as follows:
To levy execution or attachment on rights or shares in a corporation, the officer making the levy shall leave a true copy of the writ, with any officer of the corporation and if there is no officer, then with the resident manager or agent thereof, together with the officer's certificate stating that he levies upon and takes in execution or attachment the rights or shares to satisfy the writ.
(Emphasis added.) The trustee contends that service on the corporation's registered agent was invalid because service on a registered agent is proper only where there is no corporate officer, not where one exists but simply is not present or cannot be found.
[¶ 6] In interpreting the intent of Wyo. Stat. Ann. § 1-19-103, we must apply our general rules of statutory construction, which we have identified as follows:
Our paramount consideration is the legislature's intent as reflected in the plain and ordinary meaning of the words used in the statute. Initially, we determine whether the statute is clear or ambiguous.
A statute is clear and unambiguous if its wording is such that reasonable persons are able to agree on its meaning with consistency and predictability. Conversely, a statute is ambiguous if it is found to be vague or uncertain and subject to varying interpretations. If we determine that a statute is clear and unambiguous, we give effect to the plain language of the statute.
[Krenning v. Heart Mountain Irrigation Dist., 2009 WY 11, ¶ 9, 200 P.3d 774, 778 (Wyo.2009)], quoting RK v. State ex rel. Natrona County Child Support Enforcement Dep't, 2008 WY 1, ¶ 10, 174 P.3d 166, 169 (Wyo.2008).
Horse Creek Conservation Dist. v. State ex rel. Wyo. Attorney Gen., 2009 WY 143, ¶ 14, 221 P.3d 306, 312 (Wyo.2009). In addition, several specific rules of statutory construction apply in the instant case. First, we *1018 resort to the general principles of statutory construction only "[i]f more than one reasonable interpretation exists[.]" Lance Oil & Gas Co. v. Wyo. Dep't of Revenue, 2004 WY 156, ¶ 4, 101 P.3d 899, 901 (Wyo.2004) (emphasis added). Second, "[t]he words contained in a statute must be considered in relation to one another." State Bd. of Equalization v. Tenneco Oil Co., 694 P.2d 97, 99 (Wyo.1985). Third, "we must not give a statute a meaning that will nullify its operation if it is susceptible of another interpretation." State ex rel. Wyo. Dep't of Revenue v. Hanover Compression, LP, 2008 WY 138, ¶ 8, 196 P.3d 781, 784 (Wyo.2008). Fourth, "[w]e will not interpret a statute in a manner that produces absurd results." Chevron U.S.A., Inc. v. Dep't of Revenue, 2007 WY 43, ¶ 18, 154 P.3d 331, 337 (Wyo.2007). Fifth, "[t]o determine whether a statute is ambiguous, we are not limited to the words found in that single statutory provision, but may consider all parts of the statutes on the same subject." Exxon Mobil Corp. v. State Dep't of Revenue, 2009 WY 139, ¶ 11, 219 P.3d 128, 134 (Wyo.2009).
[¶ 7] Applying these standards to the question at hand, we conclude that Wyo. Stat. Ann. § 1-19-103 is not ambiguous because it is susceptible to only one reasonable interpretation. The clear purpose of the statute, as evidenced by its title and by its language, is to provide the proper method of levying execution or attachment upon a corporation. The effect of such levy is to bind the shares of stock "from the time of the levy." Wyo. Stat. Ann. § 1-19-107 (Lexis-Nexis 2009). As evidenced by the battle in the instant case, the time of execution is critical when there is a contest among creditors over property seized. Given that context, it just would not be reasonable to interpret Wyo. Stat. Ann. § 1-19-103 as allowing service upon a registered agent only in those rare cases where a corporation has no officers. Furthermore, we cannot read into the statute a requirement that is not there; that is, a requirement that the sheriff exercise due diligence in attempting to locate a corporate officer before resorting to service upon the corporation's registered agent. The only reasonable reading of the statute is that, where a corporate officer is not present to be served when service is attempted, service may be made upon the corporation's agent for service of process.
[¶ 8] Wyo. Stat. Ann. § 17-16-501 (Lexis-Nexis 2009) requires that every corporation maintain a registered agent. We have said that the purpose of registered agent statutes is "to require Wyoming corporations doing business within the state to maintain an office with a registered agent within the state and the jurisdiction of its courts where summons can be served and upon whom such service can be made." U.S. Aviation, Inc. v. Wyo. Avionics, Inc., 664 P.2d 121, 126 (Wyo. 1983). Wyo. Stat. Ann. § 17-28-104 (Lexis-Nexis 2009) and W.R.C.P. 4(d)(4) contemplate service upon a corporation via service upon its registered agent. A reading of Wyo. Stat. Ann. § 1-19-103 that would limit service upon the agent to those cases where a corporation has no officers, or where the corporate officers have absconded, or are in hiding, or otherwise cannot be located, would nullify not only the general purpose of the registered agent statutes, but the purpose of the statutes designed to allow levy upon corporate stock.
[¶ 9] The bankruptcy trustee contends that this interpretation of Wyo. Stat. Ann. 1-19-103 runs counter to the requirement in Wyo. Stat. Ann. 1-19-102 (LexisNexis 2009) that a corporate officer, if there is one in the state, respond to the levy with "a certificate under his hand stating the number of rights or shares which the defendant holds. . . [,]" and that only if there is no officer within the state, the agent is to provide such information. We do not find this to be a contradiction. The function of the registered agent is to accept service of process. It is the function of the corporate officers to respond substantively once the fact of service has been communicated to them. It is not illogical or unreasonable for the legislature to have committed the latter duty to the registered agent only in the absence of any corporate officer.

Is a security interest in corporate stock perfected, pursuant to Wyo. Stat. Ann. § 1-19-103, when service of a writ of execution is made on a law partner of the corporation's registered agent?
[¶ 10] CWCapital argues that service on a registered agent's law partner *1019 should be considered valid under Wyo. Stat. Ann. § 1-19-103 because a law partner should be considered an "employee" of the corporation's registered agent under W.R.C.P. 4(d)(1). We reject this argument for two reasons: First, W.R.C.P. 4 governs the service of a summons and complaint, not the service of a writ of execution. Second, W.R.C.P. 4(d)(1) relates to personal service upon an individual, not to service upon a corporation, which is governed by W.R.C.P. 4(d)(4). Furthermore, we find no need to look to W.R.C.P. 4 for guidance in this matter because Wyo. Stat. Ann. § 1-19-103 specifically addresses the procedure for making levy on corporate stock and is clear as to who can be served with a writ of execution. See Olsen v. State, 2003 WY 46, ¶ 168, 67 P.3d 536, 596 (Wyo.2003) ("where a general statute and a specific statute speak to the same concern, precedence is given to the terms of the more specific statute"); see also Wrecking Corp. of Am., Inc. v. Jersey Welding Supply, Inc., 463 A.2d 678, 679 (D.C.1983) (relying on rules of civil procedure for guidance where statutes pertaining to service of a writ of attachment did not include procedure for service on a corporation or corporation's agent).
[¶ 11] Wyo. Stat. Ann. § 1-19-103 is unambiguous in spelling out who may be served with a writ of execution. Where there is no officer available, "the officer making the levy shall leave a true copy of the writ . . . with the resident manager or agent thereof. . . ." Wyo. Stat. Ann. § 1-19-103. Said another way, the statute allows for service of a writ of execution relating to corporations on one of three people: a corporate officer, and if a corporate officer is not present, a resident manager or resident agent. A law partner of a corporation's registered agent is not the resident agent. Nothing in the phrase "resident agent" can be read to include anyone other than the resident agent. "Because the right to subject corporate stock to levy and sale under execution is purely statutory, a levy which does not comply with the requirements of a state statute is invalid." 30 Am. Jur.2d. Executions and Enforcements of Judgements § 201 (2005). Accordingly, a security interest in corporate stock cannot be perfected pursuant to Wyo. Stat. Ann. §§ 1-19-103, 1-17-302, and 1-19-107 by serving a writ of execution on a law partner of a corporation's registered agent.

CONCLUSION
[¶ 12] A security interest in corporate stock is perfected, pursuant to Wyo. Stat. Ann. § 1-19-103, where service of a writ of execution is made on the corporation's registered agent because a corporate officer is not present when service is attempted. However, a security interest in corporate stock is not perfected, pursuant to Wyo. Stat. Ann. § 1-19-103, where service of a writ of execution is made on a law partner of the corporation's registered agent.
NOTES
[1] The certified question was presented as:

Whether service of the writs of execution regarding shares of stock of two corporations upon the registered agent for one corporation and partner to the registered agent for the other corporation was sufficient to give the creditor a perfected security interest in the corporate shares under Wyo. Stat. §§§ 1-19-103, 1-17-302 and 1-19-107.
[2] This case comes before the Court as a certified question from the United States Bankruptcy Court for the District of Wyoming, pursuant to W.R.A.P. 11. When reviewing certified questions "we rely upon the facts presented by the certifying court." Miech v. Sheridan County, Wyo., 2002 WY 178, ¶ 2, 59 P.3d 143, 145 (Wyo.2002).