2012 WY 156

**CITY OF CHEYENNE, Wyoming, a Municipal Corporation, Appellant (Plaintiff),**

v.

**The BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LARAMIE, Wyoming, and Deborah K. Lathrop, in her official capacity as the County Clerk of Laramie County, Wyoming, and Joseph D. Fender and Shari–Sue Fender, Husband and Wife, Appellees (Defendants).**

No. S–12–0058.

Supreme Court of Wyoming.

Dec. 13, 2012.

Before KITE, C.J., and GOLDEN,*
HILL, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Roundup Heights is a subdivision in
Laramie County, located within one mile of
the City of Cheyenne. The City claims that
the partial vacation of the plat of this subdivi-
sion required joint approval by both the City
and the County. The district court rejected
the City's claim and granted summary judg-
ment in favor of the County. The City chal-
lenges that decision. We will affirm.

* Justice Golden retired effective September 30,

## ISSUE

[¶ 2] The issue as stated by the City is
"Whether Title 34, Chapter 12 of the Wyo-
ming Statutes requires joint City/County ap-
proval before a partial vacation of a plat may
be recorded, when the affected plat of land is
located within one (1) mile of a city bound-
ary."

## FACTS

[¶ 3] The facts were established by stipu-
lation of the parties. Roundup Heights is a
subdivision located in the County. It was
platted in 1955. In 2010, the owners of
certain lots applied for County approval of a
partial vacation of the subdivision plat to
eliminate some lot boundaries and rights-of-
way. During the review process, the City
submitted a comment stating that the affect-
ed property is within one mile of the City
limits, and asserting on that basis that both
City and County approval were required for
the partial vacation. The County disagreed,
and granted the partial vacation without City
approval. The City filed suit, seeking declar-
atory judgment that joint City and County
approval is required for partial vacation if
the affected land is within one mile of the
City. The district court issued summary
judgment in favor of the County, and the
City appealed.

## STANDARD OF REVIEW

 [¶ 4] Because summary judgment
involves a purely legal determination, we un-
dertake *de novo* review of a trial court's
summary judgment decision. *Glenn v. Un-
ion Pacific R.R. Co.*, 2008 WY 16, ¶ 6, 176
P.3d 640, 642 (Wyo.2008). "Summary judg-
ment is appropriate when there are no genu-
ine issues of material fact and the moving
party is entitled to judgment as a matter of
law." *Jacobs Ranch Coal Co. v. Thunder
Basin Coal Co., LLC*, 2008 WY 101, ¶ 8, 191
P.3d 125, 128 (Wyo.2008), citing W.R.C.P.
56(c); *Metz Beverage Co. v. Wyoming Bever-
ages, Inc.*, 2002 WY 21, ¶ 9, 39 P.3d 1051,
1055 (Wyo.2002). The parties' stipulation to
all of the material facts in this case "fore-
closes any factual dispute." *Farmers Ins.*

2012.

*Exchange v. Dahlheimer*, 3 P.3d 820, 821 (Wyo.2000). The remaining question is whether the County was entitled to judgment as a matter of law. To answer that, we must interpret the pertinent statutes. Statutory interpretation also presents a question of law that we review *de novo*. *Qwest Corp. v. State*, 2006 WY 35, ¶ 8, 130 P.3d 507, 511 (Wyo.2006).

## DISCUSSION

[¶ 5] Subdivision of property is governed by Title 34, Chapter 12 of the Wyoming statutes. The task before us is to interpret these statutes and determine whether they require joint City and County approval for the partial vacation of a subdivision plat if the affected land is within one mile of the City.

> When interpreting statutes, we follow an established set of guidelines. First, we determine if the statute is ambiguous or unambiguous. A statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability. Unless another meaning is clearly intended, words and phrases shall be taken in their ordinary and usual sense. Conversely, a statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations.

*BP America Prod. Co. v. Department of Revenue*, 2006 WY 27, ¶ 20, 130 P.3d 438, 464 (Wyo.2006), quoting *State Dept. of Revenue v. Powder River Coal Co.*, 2004 WY 54, ¶ 5, 90 P.3d 1158, 1160 (Wyo.2004).

Our first step, then, is to read the statutes. Wyo. Stat. Ann. § 34–12–102 (LexisNexis 2009) states that a property owner, to subdivide property, "shall cause a plat of such subdivision, with references to known or permanent monuments, to be made." The next statute, Wyo. Stat. Ann. § 34–12–103, deals with governmental approval of such subdivision plats, and provides in pertinent part:

> Every such plat ... shall meet the approval of the board of county commissioners if it is of land situated without the boundaries of any city or town or by the governing body of the city or town if situated within the boundaries of such city or town. When thus executed, acknowledged and approved, said plat shall be filed for record and recorded in the office of the clerk of the proper county; provided, however, that any such plat of land adjacent to any incorporated city or town, or within one (1) mile of the boundaries of any such city or town, shall be jointly approved by both the board of county commissioners of said county and the governing body of said city or town before same shall be filed and recorded in the office of the county clerk as aforesaid.

The vacation of subdivision plats is covered by three pertinent statutes. The first, Wyo. Stat. Ann. § 34–12–106, is entitled "Vacation; generally," and it provides in relevant part:

> No plat or portion thereof within the corporate limits of a city or town shall be vacated as herein provided without the approval of the city or town. No plat or portion thereof for which a subdivision permit has been obtained [from the commissioners of the county in which the land is located] shall be vacated as herein provided without the approval of the county commissioners.

The second, Wyo. Stat. Ann. § 34–12–108, is entitled "Vacation; partial vacation; when permitted," and it provides as follows:

> Any part of a plat may be vacated under the provisions, and subject to the conditions of this act [§§ 34–12–101 through 34–12–104, 34–12–106 through 34–12–115]; provided, such vacating does not abridge or destroy any of the rights and privileges of other proprietors in said plat; and provided, further, that nothing contained in this section shall authorize the closing or obstruction of any public highways laid out according to law.

The third is Wyo. Stat. Ann. § 34–12–110, entitled "Vacation; duty of county clerk," and it provides:

> The county clerk, in whose office the plats aforesaid are recorded, shall write in plain, legible letters across that part of said plat so vacated, the word "vacated", and also make a reference on the same to the volume and page in which the said instrument of vacation is recorded.

■ The parties agree, and the statutory language clearly indicates, that Section 103 requires joint County and City *approval* for the subdivision of property located in the County but within one mile of the City. The City concedes, based on Section 106, that City approval is not required for the *complete vacation* of the plat of a subdivision located in the County, even if the affected property is within a mile of the City. The parties disagree about whether joint City and County approval is required for the *partial vacation* of a subdivision plat when the property is within one mile of the City limits.

■ In its summary judgment argument before the district court, the County asserted that Section 106 "could not be more clear" in providing that the City has authority to approve the vacation of plats for property within the City, and the County has authority to approve the vacation of plats for property located in the County. The statute contains no provision for joint City and County approval of any vacation, complete or partial. The County maintained that the statutory language is plain and unambiguous, and "Section 106 requires no further interpretation or clarification." The district court agreed with the County, ruling that Section 106:

> provides a clear and unambiguous answer regarding the authority of cities and counties concerning the vacation of plats. This statute provides that a city has authority to approve the vacation if the plat or portion thereof ... is within the corporate limits of the city or town. It does not give a city authority when the plat or portion thereof is within one mile of the corporate limits.

On appeal, the County defends the district court's decision.

[¶ 9] The City contends that Section 106 must be considered in the context of the other statutes dealing with the platting and subdivision of property. It cites *Kuntz v. Kinne*, 395 P.2d 286, 288 (Wyo.1964) for "the fundamental rule of statutory construction and interpretation that legislative acts dealing with related matters must be considered *in pari materia* and the meaning of each such statute be correlated so as to give intel-

ligent meaning to both whenever possible." We have explained more recently, as the City points out, that "we construe statutes in harmony with existing law, particularly other statutes relating to the same subject or having the same purpose." *Hede v. Gilstrap*, 2005 WY 24, ¶ 6, 107 P.3d 158, 163 (Wyo. 2005).

[¶ 10] Among these other statutes, the City focuses primarily on Section 108. As quoted above, it explicitly applies to partial vacations, and it incorporates other provisions and conditions of the act. The City maintains that the incorporated provisions include Section 103, which, as also quoted above, requires joint City and County approval of plats for subdivisions located in the County but within a mile of the City. The City asserts that a partial vacation is accomplished by filing a new plat to indicate what parts of the original subdivision plat are being amended. It claims that Section 103 therefore mandates that the new, amendatory plat must be approved jointly by the City and the County when the affected property is in the County but within a mile of the City.

■ [¶ 11] The City has cited no statute or other authority supporting its contention that a partial vacation must be accomplished by filing a new, amendatory plat. We find statutory language that undermines the City's position. As quoted above, Section 110 provides that:

> The county clerk, in whose office the plats aforesaid are recorded, shall write in plain, legible letters across *that part of said plat* so vacated, the word "vacated", and also make a reference on the same to the volume and page in which the said *instrument of vacation* is recorded.

(Emphasis added.) The first emphasized language confirms that this procedure applies to partial vacations. The second emphasized language indicates that a vacation is done by an "instrument of vacation." There is no suggestion anywhere in the pertinent statutes that this "instrument of vacation" must be a new, amendatory plat. In fact, this Court has previously reviewed a partial vacation that was accomplished with "an affidavit for vacation." *Carnahan v. Lewis*,

2012 WY 45, ¶ 36, 273 P.3d 1065, 1076 (Wyo. 2012). The partial vacation in that case was deemed invalid on other grounds, but there is no suggestion in the opinion that the vacation failed because the "instrument of vacation" was an affidavit rather than a new, amendatory plat. *Id.*, ¶ 38, 273 P.3d at 1077.

[¶ 12] Because we reject the City's contention that a partial vacation requires a new plat, we are also unpersuaded by the City's argument that the Section 103 requirements for approving plats necessarily apply to partial vacations. Section 103 begins with the indication that it applies to "[e]very such plat." In context, the word "such" can refer only to the plat discussed in the immediately preceding statute, Section 102. Section 102 requires an original plat when property is subdivided, but makes no mention of a new plat relating to the vacation of the original. The statutory language and structure of Section 102 and Section 103 plainly indicate that both statutes apply to original plats of new subdivisions, not to new, amendatory plats associated with partial vacations. We therefore conclude that the joint approval requirements of Section 103 apply to the approval of original plats for new subdivisions, not to subsequent plats filed in order to accomplish a partial vacation.

[¶ 13] The City is correct that Section 108 expressly incorporates other statutory provisions, but that incorporation also includes Section 106, which expressly deals with vacations. The City asserts, however, that the Section 106 requirements for the vacation of plats apply only to complete vacations, not to partial vacations. This statute expressly applies to the vacation of a "plat or portion thereof." The City asserts that the quoted phrase does not refer to partial vacations, but only to situations where a portion of the platted subdivision is in the County and a portion in the City. This, the City urges, indicates that Section 106 was not meant to apply to partial vacations at all, but only to complete vacations. The City does not dispute that the statute requires City approval for vacations of plats within the City, and County approval of vacations of plats within the County. It contends, however, that these distinct approval requirements apply only to complete vacations, not to partial vacations.

[¶ 14] The City may be correct that the statute's reference to a "portion" of a subdivision in Section 106 probably means something different from a "partial" vacation referred to in other statutes. But precisely because the two words mean something different, we cannot say that the legislature's use of the word "portion" in this statute somehow suggests that the statute does not apply to partial vacations. In fact, Section 106 makes no explicit mention of partial vacations or of complete vacations. Nothing in the language of the statute suggests that it should not apply equally to partial and complete vacations.

[¶ 15] To the contrary, we note that the title of Section 106 is "Vacation; generally." This suggests that Section 106 applies "generally" to both complete and partial vacations. We are aware that the title of a statute may not be "part of the substantive law of the enactment." Wyo. Stat. Ann. § 8–1–105(c). Still, the statutory title may be useful in interpreting that statute. *Counts v. State*, 2008 WY 156, ¶ 18, 197 P.3d 1280, 1285 (Wyo.2008) ("Although the title of the statute is not part of the statute, it does suggest...."); *Patel v. CWCapital Asset Mgmt., LLC*, 2010 WY 147, ¶ 7, 242 P.3d 1015, 1018 (Wyo.2010) ("The clear purpose of the statute, as evidenced by its title and by its language, is...."). It was explained many years ago that "the language of the title cannot overcome the plain intent manifested in the language used in the body of the act, yet where that language is of the same purport as the language used in the body of the act, it is corroborative of the legislative intent." *Ward v. Board of Commr's of Johnson County*, 36 Wyo. 460, 464, 256 P. 1039, 1040 (Wyo.1927). The language of Section 106 makes no distinction between complete vacations and partial vacations, and its title, "Vacation; generally," corroborates the legislative intent that the statute applies to both complete and partial vacations.

[¶ 16] We accept the City's position that all of the pertinent statutes must be considered *in pari materia*, and have carefully considered the other statutes and the City's

arguments about them. Our review convinces us that the statutory language and structure do not support the City's proposed interpretation. The statutes are not ambiguous and, reading their language in its ordinary and usual sense, we conclude that joint City and County approval is not required for the partial vacation of a subdivision plat when the subdivision is within the County but within one mile of the City limits.

[¶ 17] The City emphasizes that City and County cooperation is desirable in subdivision and platting activities involving property located near the City. Benefits of such cooperation include the alignment of proposed new streets with existing rights-of way, adequate sizing of utility corridors to fit community-wide needs, and minimization of drainage problems and other natural hazards. It notes that, when a plat requires joint City and County approval, the City and County might "spend extensive amounts of time and money negotiating the rights-of-way, sewer lines, drainage corridors, and other necessities associated with an initial plat." If joint approval is not necessary for the partial vacation of that plat, however, then the City posits that the County could immediately approve a partial vacation that "eliminates the very rights-of-way, sewer lines, drainage corridors and other items that were created by virtue of the negotiations." On that basis, the City advocates that joint approval should be required for the partial vacation of plats of property in the County but near the City.

[¶ 18] We have already concluded, however, that the statutes unambiguously do not require joint City and County approval of partial vacations if the affected property is wholly within the County. "When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of the words." *Mountain Cement Co. v. Laramie Water & Sewer Dist.*, 2011 WY 81, ¶ 13, 255 P.3d 881, 885 (Wyo.2011). Courts should not "usurp the power of the legislature by deciding what should have been said." *Hede*, ¶ 6, 107 P.3d at 163. The City's argument may persuade the legislature to amend the statutes in the future. It does not allow us to disregard the unambiguous language of the statutes as they are currently written.

[¶ 19] The City makes a final claim that the partial vacation of Roundup Heights is invalid because it was not approved by all of the current owners in the subdivision. The City relies on *Carnahan*, ¶ 38, 273 P.3d at 1076–77, for the proposition that Section 106 requires "all owners of lots" in a subdivision "to join in a written instrument ... declaring the plat to be vacated." In this case, however, the "record contains no indication that the [City] asked the district court to consider this argument, and we have repeatedly stated that we will not consider issues that are raised for the first time on appeal." *Wyoming Bd. of Land Comm'rs v. Antelope Coal Co.*, 2008 WY 60, ¶ 16, 185 P.3d 666, 670 (Wyo.2008). The record actually shows that, in proceedings before the district court, the City explicitly disavowed any claim that the partial vacation was invalid because of failure to comply with Section 106. In its response to the County's motion for summary judgment, the City wrote, "It is important to note that the City does not contend that the provisions of W.S. § 34–12–106 were violated when the County Commissioners approved the partial vacation of Roundup Heights. As stated above, W.S. § 34–12–106 is not applicable to the partial vacation of Roundup Heights." We decline to consider this claim by the City, because it was raised for the first time on appeal, and further, is directly contrary to the City's claim before the district court.

[¶ 20] The district court's grant of summary judgment in favor of the County is affirmed.